IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ANGULAR WOOTEN** and **LEROY WOOTEN**, individually and as parents and next-of-kin of **Leroy Wooten, Jr.**, deceased, and as next friends of the natural children of **Leroy Wooten, Jr.**, deceased: **Leroy Wooten III** and **Roselynn Phillips**,<br><br>　　*Plaintiffs*,<br><br>v.<br><br>**CORECIVIC, INC.**, **CORECIVIC OF TENNESSEE, LLC**, **DAMON T. HININGER**, **PATRICK SWINDLE**, **JASON MEDLIN**, **MARTIN FRINK**, **VANCE LAUGHLIN**, **VINCE VANTELL**, and **JOHN DOES 1–5**,<br><br>　　*Defendants*. | Case Number _____<br><br>Judge _____<br><br>Magistrate Judge_____<br><br>**JURY DEMAND** |

## C O M P L A I N T

The plaintiffs, **ANGULAR WOOTEN** and **LEROY WOOTEN**, individually as parents and adult next-of-kin of **Leroy Wooten, Jr.**, and as next friends of the minor children of **Leroy Wooten, Jr.**: **Leroy Wooten III** and **Roselynn Phillips**, by their undersigned attorney, sue the defendants, **CORECIVIC, INC.**, **CORECIVIC OF TENNESSEE, LLC**, **DAMON T. HININGER**, **PATRICK SWINDLE**, **JASON MEDLIN**, **MARTIN FRINK**, **VANCE LAUGHLIN**, **VINCE VANTELL**, and **JOHN DOES 1–5**, for damages, and say:

### Parties

1. The plaintiffs, **ANGULAR WOOTEN** and **LEROY WOOTEN**, are individual residents of Trousdale County, Tennessee.

2. The plaintiffs are the legal and biological parents of **Leroy Wooten, Jr.** (hereinafter, "the deceased"), a now-deceased inmate at the Trousdale Turner Correctional Center (hereinafter, "Trousdale Turner") in Trousdale County, Tennessee.

3. The deceased died in Trousdale Turner as a result of fentanyl poisoning on March 28, 2023.

4. At the time of his death, the deceased was a resident of Trousdale, Tennessee.

5. At the time of his death, the deceased was not married.

6. The deceased was the biological father of two minor children: Leroy Wooten, III, and Roselynn Phillips.

7. In view of the foregoing, and following the line of consanguinity, the deceased's children are the deceased's next-of-kin.

8. The plaintiffs are the children's next friends.

9. The defendant **CORECIVIC, INC.**, is a Maryland for-profit corporation with it's principal office at 5501 Virginia Way, Brentwood, Tennessee, and doing business as a prison company.

10. The defendant **CORECIVIC OF TENNESSEE, LLC**, (hereinafter, "CoreCivic") is a wholly owned subsidiary of the defendant **CORECIVIC, INC.**, with a principal office at 5501 Virginia Way, Brentwood, Tennessee, and operates all of the prison facilities of the defendant **CORECIVIC, INC.**, within the State of Tennessee, including Trousdale Turner.

11. The defendant **DAMON T. HININGER** is the chief executive officer of the defendant **CORECIVIC, INC.**

12. The defendant **PATRICK SWINDLE** is the chief operating officer of the defendant

**CORECIVIC, INC.**

13. The defendant **JASON MEDLIN** is the vice-president for facility operations for the defendant **CORECIVIC, INC.**

14. The defendant **MARTIN FRINK** was the warden at Trousdale Turner at the time the deceased was first incarcerated there, October 19, 2022, and held that position until being replaced in approximately February 2023.

15. The defendant **VANCE LAUGHLIN** is a managing director of the defendant **CORECIVIC, INC.**, and served as acting warden at Trousdale Turner in February 2023, pending the appointment of a warden to replace the defendant **MARTIN FRINK**.

16. The defendant **VINCE VANTELL** is the warden at Trousdale Turner, and has held that position since February 2023. The defendant was the warden at Trousdale Turner on the date of the deceased's death, March 29, 2024.

17. The defendants **JOHN DOES 1–5** are as-yet-unknown CoreCivic employees responsible for the care and well-being of Trousdale Turner inmates, who failed in that duty of care with respect to the deceased.

### Jurisdictional Statement

18. Count I, below, is a civil action for deprivation of constitutional rights brought pursuant to 42 U.S.C. §1983. Accordingly, Count I presents a federal question over which this court has jurisdiction pursuant to 28 U.S.C. §1331, and constitutes a claim to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom, or usage, of a right secured by the Constitution of the United States, over which this court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3).

19. Count II, below, is a claim for damages brought under the tort laws of the State of Tennessee that are so related to the federal-question claim in this action over which this Court has original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution. Accordingly, Count II of this action falls within this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

## Statement of the Claim

### Count I: Section 1983 Claim for Cruel and Unusual Punishment Resulting in Death

20. This count is an action brought pursuant to 42 U.S.C. § 1983 for the defendants' deprivation, under color of state law, of the deceased's rights, privileges, and immunities secured by the Constitution of the United States, to wit: the right to be free from cruel and unusual punishment

21. The plaintiffs incorporate by reference the allegations of paragraphs 1 through 17, above.

22. Inasmuch as CoreCivic performs a traditional state function while operating state prisons, all of the actions of the defendants complained of herein were taken under color of state law.

23. On or about October 19, 2022, the deceased was incarcerated in Trousdale Turner.

24. At the time of the deceased's incarceration, Trousdale Turner was rife with severe inmate safety issues, including being chronically understaffed and including the introduction of fentanyl and other dangerous drugs into the prison environment by various persons, including visitors as well as employees of CoreCivic. Incidents in 2022 alone included:

    (a) Four inmates at Trousdale Turner died of drug overdoses.

    (b) CoreCivic employee Erica Vaughn was arrested for introduction of marijuana into

Trousdale Turner.

(c) CoreCivic employee Denise Haggerd was arrested for introduction of fentanyl into Trousdale Turner.

(d) CoreCivic employee Kyle Buss was arrested for introduction of fentanyl into Trousdale Turner.

(e) Not less than five visitors to Trousdale Turner were arrested for introduction of fentanyl into Trousdale Turner.

25. Thereafter, on March 28, 2023, the deceased suffered — in an undetermined manner —a significant exposure to the deadly drug fentanyl at Trousdale Turner.

26. After initially succumbing to the fentanyl exposure, the deceased lay untreated on the floor of his cell for an inexcusably long time before CoreCivic employees took action to address his distress. Ultimately, the deceased died as a result of this exposure and subsequent neglect.

27. The defendants' causing, permitting, or failing to prevent the rampant presence of fentanyl at Trousdale Turner, coupled with chronic staffing shortages limiting CoreCivic's ability to assist in preventing exposure to fentanyl and to render aid to those afflicted with such exposure represent a deliberate indifference to inmate health and safety, all in violation of the Eighth Amendment to the United States Constitution, as made applicable to the states via the due process clause of the Fourteenth Amendment.

28. As a direct, proximate result of the constitutional violations as aforesaid, the deceased lost his life, and, thus, the plaintiffs are entitled to recover damages for (a) medical bills for treatment of the injuries that resulted in death; (b) funeral expenses; (c) conscious pain and suffering from the date of the injury until the date of death; (d) loss of earning

capacity between the date of injury and death; (e) loss of enjoyment of life between the date of injury and death; and (f) the pecuniary value of the deceased's life. Additionally, the plaintiffs are entitled to loss-of-consortium damages.

### COUNT II: PENDENT STATE LAW CLAIM FOR NEGLIGENCE

29. This count is an action against the defendants brought under the tort law of the State of Tennessee for negligence resulting in the death of the deceased.
30. the plaintiffs incorporates by reference the allegations of paragraphs 1 through 17, and 23 through 27, above.
31. The defendants' had a duty to provide a safe environment for inmates by, in part, effectively addressing the problem of introduction of fentanyl into Trousdale Turner.
32. The defendants had a duty to provide timely care for any inmate affected by exposure to fentanyl.
33. The defendants had a duty to avoid deliberate indifference to the deceased's constitutional rights as alleged above.
34. The defendants, and each of them, breached the above duties.
35. As a direct, proximate result of the breaches of the defendants' duties as aforesaid, the deceased lost his life, and, thus, the plaintiffs are entitled to recover damages for (a) medical bills for treatment of the injuries that resulted in death; (b) funeral expenses; (c) conscious pain and suffering from the date of the injury until the date of death; (d) loss of earning capacity between the date of injury and death; (e) loss of enjoyment of life between the date of injury and death; and (f) the pecuniary value of the deceased's life. Additionally, the plaintiffs are entitled to loss-of-consortium damages.

## Prayer for Relief

The plaintiffs demands judgment of and from the defendants, jointly and severally, for compensatory damages claimed above in an amount not less than One Million Dollars and punitive damages in an amount not less than Three Million Dollars, together with pre-judgment and post-judgment interest, their reasonable attorney's fees, and any other relief to which they may be entitled..

## Demand for Jury Trial

The plaintiffs demand trial by a jury of twelve.

Respectfully submitted,

**MACPHERSON & YOUMANS**

by    s/ Robert D. MacPherson
Robert D. MacPherson, BPR #022516
MacPherson & Youmans
107 S. Greenwood Street, Suite B
Lebanon, Tennessee 37087
Telephone: (615) 444-2300
email: *rdmacpherson@macyolaw.com*
Attorney for the plaintiffs